Ibrahim Salib MATTA; Wafaa Samy Abd El Malek; Lidia Ibrahim Salib Matta; Salwa Ibrahim Salib Matta, Petitioners,

v.

Alberto R. GONZALES, Attorney

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

General,* Respondent.

No. 03–71342.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided Feb. 25, 2005.

Roger J. Gleckman, Esq., Gregory J. Boult, Esq., Gleckman & Sinder, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, John C. Cunningham, Esq., San Francisco, CA, Elizabeth J. Stevens, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

MEMORANDUM **

Petitioner Ibrahim Salib Matta, his wife Wafaa Samy Abd El Malek, and their two minor children, Lidia and Salwa Ibrahim Salib Matta, filed a joint petition for review of an order of the Board of Immigration Appeals affirming the decision of the Immigration Judge finding Petitioners subject to an order of removal from the United States and denying their application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1252, and we remand with instructions to clarify the record.

Because the parties are familiar with the facts, we recite them only as necessary for this decision.

Petitioners claim two due process violations. They argue the IJ wrongly excluding ten proffered documents supporting the merits of their application. They also argue the IJ abandoned his role as neutral factfinder during their hearing.

"To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice." *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000). An error exists when the proceeding is "so fundamentally unfair

---

* Alberto R. Gonzales, is substituted for his predecessor, John Ashcroft, as United States Attorney General, Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the alien was prevented from reasonably presenting his case." *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986).

To determine whether the exclusion of proffered evidence was fundamentally unfair, this court must have before it "a sufficient description of the excluded evidence." *Ladha v. INS,* 215 F.3d 889, 904 (9th Cir.2000). "If an IJ excludes a document without either entering the document into the record for the purposes of identification or describing the document's content orally and on the record, we have no adequate way of reviewing the IJ's decision." *Id.* For this reason, we have held "a decision of the BIA or IJ under review in this court must contain a sufficient indication of the content of excluded evidence to allow us to review the exclusion for fundamental fairness." *Id.* at 905.

In this case, the IJ excluded ten documents proffered by Petitioners. The IJ failed to indicate during the hearing or in his oral decision the content of the documents. Without that indication, we are "left, on this record, with no means of reviewing the IJ's decision to exclude evidence." *Id.* We therefore GRANT Petitioner's petition for review, VACATE the BIA's determination as to the objective component of asylum eligibility and withholding of deportation, and REMAND to the BIA to clarify the record with regard to the excluded evidence or to remand to the IJ for such clarification. In clarifying the record, Petitioners may also present their non-neutral factfinder claim.

REMANDED.